STATE, PLAINTIFF-APPELLEE, *v.* MARAVOLA ET, DEFENDANTS-APPELLANTS.

Ohio Appeals, Seventh District, Trumbull County.

Nos. 1557, 1558, 1559, 1560, 1561, 1562, 1563, 1564, 1565.

Decided June 18, 1963.

*Mr. Mitchell F. Shaker,* city solicitor, for plaintiff-appellee.
*Mr. Jack W. Nybell,* for defendant-appellant.

FRANCE, J.   This appeal on questions of law is from Niles Municipal Court in which the trial judge, jury being waived, found nine defendants guilty of drag racing in violation of Section 4511.251, Revised Code, and imposed penalties therefor.   The defendants were charged individually by separate affidavits, some of which recited that the defendant "participated in a drag race."   Others charged that the defendant "participated by viewing from a point of vantage."

All cases were consolidated for trial, at which the evidence showed that several drag races had been run, by cars and drivers unidentified, over a period of more than half an hour before the arrival on the scene of the officers making the charges. There was also evidence from which the trial judge, as trier of the facts, could infer that each defendant was physically present on the scene, either as the driver or occupant of a car parked at the road side in a position from which a portion of the races could be seen.   There was no evidence that any of the defendants either drove or was the occupant of any car involved as a competitor in any race.   The evidence went no further than to prove that each defendant, had he looked, was in fact "viewing from a point of vantage" whatever races were run.

Section 4511.251, Revised Code, provides, in part, that

"persons rendering assistance in any manner to such competitive use of vehicles, shall be equally charged as participants." The theory of the trial judge, as recorded in the Bill of Exceptions (pages 317-319), was that the mere voluntary presence of persons at the scene of the sporting event, as an actual or potential "rooter," increased the zeal of the unknown drivers and thereby rendered assistance to them.

We do not think the term "rendering assistance" can be so broadly defined. Assistance is defined as:—

"The act or result of assisting or anything that assists; help; aid; support; cooperation; relief."

Render has as its meanings:—

"To give; deliver; transmit; to make of or change to a specified character; to present for use." New Standard Dictionary.

All of the foregoing terms connote some activity or some effort, physical or mental, in the accomplishment of primary activity. It is true that a secondary meaning of the verb "assist," when used intransitively is: "to be present as a spectator," but this usage is limited by the lexicographer's notation that it is both archaic and a Gallicism. We do not believe that the legislature intended to import ancient or foreign secondary meanings of related words into a statute defining criminal conduct.

Certainly under such statute as involved here mere passive presence, without allegation or proof of activity or even of partisanship, is insufficient to warrant a conclusion of participation. The trial court erred to the prejudice of certain defendants in overruling their motions to dismiss those affidavits which merely alleged viewing the drag races as an offense; it erred to the prejudice of all in overruling their motions to dismiss at the close of the state's case. The finding of guilt in each case is unsupported by the evidence and is contrary to law.

The judgment in each case is reversed, as contrary to law, and defendants-appellants discharged.

DONAHUE, P. J., BROWN, J., concur.